UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER ADAM, | ) | CASE NO. 1:12 CV 209 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Spencer Adam filed this action under 42 U.S.C. § 1983 against the State of Ohio. In the Complaint, Plaintiff alleges Ohio Revised Code § 2151.281(I)(defining the duties of a Guardian Ad Litem in a Juvenile Court proceeding), §2151.281(D)(requiring Guardian Ad Litem to faithfully discharge duties), and Ohio Juvenile Rule 4 (providing for appointment of a Guardian ad Litem in Juvenile cases) are void for vagueness under the Fourteenth Amendment. He seeks an order enjoining "any party" from appointing a Guardian Ad Litem, and declaring the above-referenced statutes to be unconstitutional.

**Background**

Plaintiff appears to be the father of a minor male child. Believing the child's mother was not providing a stable home, he filed a Motion seeking full custody of the child in the Richland County Domestic Relations Court. A Guardian Ad Litem ("GAL") was appointed for the child. Plaintiff alleges the GAL found that the child's mother failed to provide him with adequate educational assistance and counseling and concluded it would be in the child's best interest for Plaintiff to have a more active role in the child's life. The Domestic Relations Court Magistrate issued findings of fact and conclusions of law which found that Plaintiff demonstrated better

parenting skills than the child's mother, but had little involvement in the life of the minor child. He was nevertheless awarded shared parenting in September 2010.

After the final hearing in the Domestic Relations Court action, Plaintiff was contacted by Richland County Children Services and informed that a case plan was in place for the child and his mother. Plaintiff was told the case plan was voluntary, and the child's mother had not complied with the plan for the three years it had been in place. Plaintiff requested that Children Services file a complaint in Juvenile Court to make the case plan mandatory, but the agency declined this course of action at that time.

In November 2010, Children Services filed a Complaint in Juvenile Court alleging the minor child was dependent as to the mother due to her addiction to drugs and economic issues, and dependent as to the father due to the father's personal problems and the lack of a bond with his son. A GAL was appointed for the child. Plaintiff contends he offered the GAL all of the information he obtained in the Domestic Relations Court matter which pertained to the mother's failure to care for the child due to her heroin addiction, but she refused to accept it. She recommended that the court find the child to be dependent as to both parents. The Juvenile Court accepted the GAL's recommendation and concluded in June 2011 that it was not in the best interest of the child to remain in the mother's home due to her heroin addiction. The Court placed the child in the temporary custody of the maternal grandparents.

Six months later, Plaintiff filed a Motion to Remove the Guardian in the Juvenile Court matter. He claimed she did not conduct a thorough investigation because she did not accept the information he made available to her. He also claimed she did not fully consider all of the extended family history before making her recommendation to the Court. He indicates the maternal grandparents were convicted of trafficking heroin and were sent to prison for five years for the offense. He further alleges that they did not report their daughter's heroin use to Children Services. He claims he was on active duty in the military during this time and saw the child only during Christmas vacation. He concludes that the maternal grandparents therefore had a duty to report

their daughter's failure to care for her child. His Motion was considered by a Magistrate who denied it. Plaintiff contends he intended to file objections to the Magistrate's decision, but instead decided to file a civil Complaint seeking declaratory and injunctive relief. The Complaint was considered to be procedurally improper and was dismissed on the Motion of Children Services.

Plaintiff has now filed the within Complaint seeking declaratory and injunctive relief to have his case "decided by an impartial bench." (ECF No. 1 at 14.) Here, he challenges the constitutionality of several Ohio statutes pertaining to the appointment and discharge of a Guardian Ad Litem. Specifically, he claims Ohio Revised Code § 2151.281(I) is void for vagueness because it does not set forth the minimum requirements that the GAL must meet to conduct an investigation. He contends that this results in the child's best interest not being fully protected. He further claims the statute does not define "best interests of the child" and does not indicate whether it is mandatory for the GAL to act in the child's best interest. He claims Ohio Revised Code §2151.281(D) is also void for vagueness because it does not provide a measurable standard for determining when a GAL has "faithfully discharge[d]" his or her duties. He contends the standard is too subjective. Plaintiff also claims Ohio Juvenile Rule 4 is void for vagueness because it does not adequately separate the duties of the GAL and the duties of an attorney. He contends these statutes deprive children of due process because they could result in an erroneous removal from the home. He asks this Court to enjoin any party from instituting any action which requires the appointment of a GAL. He also requests that the Court issue a declaratory judgment indicating Ohio Revised Code § 2151.281 is unconstitutionally vague and deprives "all minor children subject to this chapter of their fundamental liberty rights without due process." (ECF No. 1 at 46.)

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

### I. *Younger* Doctrine

Although the Complaint contends several Ohio Guardian Ad Litem statutes are unconstitutionally vague, Plaintiff requests that this Court enjoin GAL appointments in Ohio Juvenile Courts. This would, if granted, also enjoin the GAL appointment in the state proceedings

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

involving Plaintiff's minor child.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention appear to be present. Ohio Juvenile Rule 10 permits any party having knowledge of a child who appears to be dependent to file a complaint with respect to the child in the juvenile court of the county in which the child has a residence. Pending a hearing on the complaint, the juvenile court may issue a temporary order concerning custody of the child. OHIO JUV. R. 13(A). The juvenile court may also issue a temporary custody order as part of its dispositional order. If that occurs, the court will also establish a case plan that it will review periodically until either the child is returned to the home or adopted. OHIO JUV. R. 34(D) AND (F), AND R. 36(C). Plaintiff provides no other information about the juvenile case, except to say that a GAL was appointed and a temporary custody order was issued. As Plaintiff does not allege a permanent disposition has been made, the dependency action appears to be pending.

Moreover, the second requirement of *Younger* has been satisfied in this case. Child custody disputes are peculiarly suited to state regulation. *Firestone v. Cleveland Trust*, 654 F.2d 1212, 1215

(6th Cir. 1981). This case therefore implicates an important state interest.

The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, the juvenile court judge has the final decision in granting temporary custody of the child. If Plaintiff did not believe the GAL conducted a proper investigation, he can raise that argument in the context of the juvenile court proceedings. He could also assert his challenge to vagueness of the statute in that venue. There has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in the pending juvenile court dependency action.

## II. Standing

To the extent Plaintiff's Complaint could be read as something other than an attempt to interfere with the pending juvenile court action, it still cannot proceed. Before Plaintiff can mount a vagueness challenge to a statute which does not involve the First Amendment, he must first establish his standing to do so, namely, by demonstrating that the statute is vague as applied to his actions. *See United States v. Mazurie*, 419 U.S. 544, 550 (1975)("It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."); *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir.1998)("Plaintiffs must bring their [vagueness] challenge to vindicate their own constitutional rights.").

In every federal case, the party bringing the suit has the burden to establish standing to

prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Federal courts must balance "the heavy obligation to exercise jurisdiction," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 820 (1976), against the "deeply rooted" commitment "not to pass on questions of constitutionality" unless adjudication of the constitutional issue is necessary. *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105 (1944). Consistent with these principles, standing jurisprudence has two components: Article III standing, which enforces the Constitution's case or controversy requirement, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." *Allen v. Wright*, 468 U.S. 737, 751 (1984). To establish Article III standing, the Plaintiff must show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. *See Lujan*, 504 U.S. at 560- 561. Prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's Complaint fall within the zone of interests protected by the law invoked." *Allen*, 468 U.S. at 751.

First, Plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Warth*, 422 U.S. at 508; *see Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Second, there must be a causal connection between the injury and the conduct of which Plaintiff complained. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42, (1976). In other words, the injury has to be "fairly ... trace[able] to the challenged action of the Defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Id.* Third, it must be "likely" as opposed to merely "speculative," that the injury will be redressed by a favorable decision. *Id.* at 38.

Here, Plaintiff first contends Ohio Revised Code § 2151.281(I) is void for vagueness because it does not set forth the minimum requirements for a GAL's investigation and does not tell that GAL that he or she must act in the child's best interest. He contends that the statute does not tell the GAL what he or she needs to do to fulfill this obligation, and leaves the child's best interest not fully protected. Plaintiff further claims § 2151.281(I) directs the GAL to perform whatever functions are necessary to protect the best interest of the child but does not define "best interests of the child" to give the GAL guidelines for his or her recommendation. Plaintiff asserts Ohio Revised Code §2151.281(D) is also void for vagueness because it does not provide a measurable standard for determining when a GAL has "faithfully discharge[d]" his or her duties. Finally, Plaintiff asserts Ohio Juvenile Rule 4 is void for vagueness because it does not adequately separate the duties of the GAL and the duties of an attorney.

A litigant raising a vagueness challenge must show that the statute in question is vague as applied to his own conduct, without regard to its potentially vague application in other circumstances. *See Parker v. Levy*, 417 U.S. 733, 755-56 (1974). Each of these statutory provisions defines the conduct of and expectations for the GAL. Plaintiff in this case was not the GAL. Even if the court were to find the statutes to be vague, they would not be vague as to his conduct. Moreover, the other party potentially affected by these statute is the child. The fact that Plaintiff may be collaterally affected by the adjudication of another's rights does not necessarily extend the Court's Article III powers to him. *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 692 (6th Cir. 1985). Plaintiff does not have standing to assert these claims.

### III. Vagueness

Finally, to the extent that the Complaint does not interfere with a pending Juvenile Court matter, and to the extent Plaintiff has standing to assert the claims therein, he fails to state a claim upon which relief may be granted. To pass muster under the vagueness doctrine, a statute must provide both adequate notice and guidelines for enforcement. *See United States v. Mazurie*, 419 U.S. 544, 550 (1975). Generally, challenges for vagueness arise in the context of a criminal statute

-8-

or a statute which seeks to regulate conduct protected by the First Amendment. *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983). When a statute is not concerned with criminal conduct or First Amendment considerations, it will be considered a deprivation of due process only if it is "so vague and indefinite as really to be no rule or standard at all." *Exxon Corp. v. Busbee*, 644 F.2d 1030 (5th Cir.1981). It must be substantially incomprehensible. *Id*. The statutes and rules mentioned by Plaintiff are not criminal statutes, and they do not seek to govern conduct protected by the First Amendment. They will therefore be upheld unless they are substantially incomprehensible.

As an initial matter, many of Plaintiff's concerns are answered by other sections of Ohio Revised Code Ohio §2151.281 and Ohio Supreme Court Superintendence Rule 48, which governs GAL appointments in Ohio Juvenile and Domestic Relations Courts. Plaintiff contends that §2151.281(I) is void for vagueness because it does not set forth the minimum requirements for a GAL's investigation. Subsection (D) of Superintendence Rule 48 requires a GAL in the course of an investigation to:

> (a) Meet with and interview the child and observe the child with each parent, foster parent, guardian or physical custodian and conduct at least one interview with the child where none of these individuals is present;
>
> (b) Visit the child at his or her residence in accordance with any standards established by the court in which the guardian ad litem is appointed;
>
> (c) Ascertain the wishes of the child;
>
> (d) Meet with and interview the parties, foster parents and other significant individuals who may have relevant knowledge regarding the issues of the case;
>
> (e) Review pleadings and other relevant court documents in the case in which the guardian ad litem is appointed;
>
> (f) Review criminal, civil, educational and administrative records pertaining to the child and, if appropriate, to the child's family or to other parties in the case;
>
> (g) Interview school personnel, medical and mental health providers, child protective services workers and relevant court personnel and obtain copies of relevant records;

> (h) Recommend that the court order psychological evaluations, mental health and/or substance abuse assessments, or other evaluations or tests of the parties as the guardian ad litem deems necessary or helpful to the court; and
>
> (i) Perform any other investigation necessary to make an informed recommendation regarding the best interest of the child.

OHIO SUP. R. 48(D)(13).

Further, Plaintiff contends § 2151.281(I) does not define "best interests of the child." Ohio Revised Code § 2151.414 and Ohio Revised Code §3109.04(F)(1), however, list numerous factors to be considered when attempting to ascertain the best interest of the child. These factors include but are not limited to the interaction of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, the wishes of the child with due regard for the maturity of the child, the custodial history of the child, the child's need for a legally secure permanent placement, whether the parent has been convicted of a crime, whether the parent has refused to enter treatment for drug and alcohol abuse that was ordered in the case plan, whether the parent abandoned the child, the child's adjustment to his home, school, and community, the mental and physical health of all persons involved in the situation, and whether either parent has failed to make all child support payments. OHIO REV. CODE § 2151.414 (D)(1) and §3109.04(F)(1).

Plaintiff also claims that the statute does not clarify whether it is mandatory for the GAL to act in the child's best interest. The relevant provision states: "The guardian ad litem for an alleged or adjudicated abused, neglected, or dependent child *shall* perform whatever functions are necessary to protect the best interest of the child... ." OHIO REV. CODE § 2151.281(I)(emphasis added). Courts should give the "ordinary and accepted meaning to the mandatory word 'shall' and the permissive word 'may' unless to do so would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole." *Duncan v. Rolm Mil-Spec Computers*, 917 F.2d 261, 265 (6th Cir.1990). The ordinary meaning of the statute requires the GAL to act in the child's best interest.

Similarly, Plaintiff asserts Ohio Revised Code §2151.281(D) is void for vagueness because

-10-

it does not provide a measurable standard for determining when a GAL has "faithfully discharge[d]" his or her duties. Superintendence Rule 48(D)(5)(6) and (7) provide detailed instructions on the GAL's duty to submit a report to the court and to the parties at the disposition hearing and/or the hearing for permanent custody that summarizes the investigation and includes recommendations. Moreover, Ohio Revised Code §2151.281(G) specifies that the GAL shall continue to serve in that capacity until any of the following occur:

> (1) The complaint is dismissed or the request for an extension of a temporary custody agreement or for court approval of the permanent custody agreement is withdrawn or denied;
>
> (2) All dispositional orders relative to the child have terminated;
>
> (3) The legal custody of the child is granted to a relative of the child, or to another person;
>
> (4) The child is placed in an adoptive home or, at the court's discretion, a final decree of adoption is issued with respect to the child;
>
> (5) The child reaches the age of eighteen if the child is not mentally retarded, developmentally disabled, or physically impaired or the child reaches the age of twenty-one if the child is mentally retarded, developmentally disabled, or physically impaired;
>
> (6) The guardian ad litem resigns or is removed by the court and a replacement is appointed by the court.

Finally, Plaintiff asserts Ohio Juvenile Rule 4 is void for vagueness because it does not adequately separate the duties of the GAL and the duties of an attorney. Rule 48(C)(1)(A), however, requires the Court to state affirmatively whether a person is being appointed as a GAL only or as a GAL and attorney for the child, while Section (D)(5)(6) and (7) define precisely the boundary between the duties of an individual acting solely as a GAL and the duties of an individual acting as a GAL and the child's attorney.

The wording that Plaintiff questions in Ohio Revised Code §2151.281 and Ohio Juvenile Rule 4 must be read in context with other relevant statutes when considering a challenge for vagueness. *See U.S. v. Caseer*, 399 F.3d 828, 851 (6th Cir. 2005)(recognizing that it is a

-11-

fundamental canon of statutory construction, that words of a statute or regulation "must be read in their context and with a view to their place in the overall statutory scheme); *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1488 (6th Cir. 1995)(finding that allegedly vague statutory provisions cited by the plaintiffs were, when placed in proper context, sufficiently clear to withstand review under even a stringent vagueness test); *U.S. v. Pierce*, No. 90-1455, 1990 WL 201394, *3-4 (6th Cir. Dec. 13, 1990)(stating that although a term is not expressly defined in a particular statute, it will not be considered unconstitutionally vague if read in context with relevant provisions of the Administrative Code). When read in conjunction with other relevant rules and statutes, these provisions are far from substantially incomprehensible to be considered unconstitutionally vague.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

          */s/Dan Aaron Polster 5/22/12*
          DAN AARON POLSTER
          UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.